**FILED**
**SCRANTON**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUN 1 2 2017

PER _____
DEPUTY CLERK

Willie Foxworth,

Plaintiff,

v.

Teal's Express, Inc.

Defendant.

Case No. 3:17-CV-1052

Judge Mannion/Sc

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Willie Foxworth (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations by Teal's Express, Inc. (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. § 1981 and corresponding state law.[1]

## JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

---

[1] Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC") on or about August 9, 2016. Plaintiff will therefore move to amend the instant Complaint to include claims against Defendant for violations of the Pennsylvania Human Relations Act ("PHRA") at the time his administrative remedies have been exhausted by the PHRC.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (See Notice of Right to Sue, attached hereto as "Exhibit A."

## PARTIES

6.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.     Plaintiff is an adult individual with a primary residence located at 41 West Dorrance Street, Kingston, PA 18704.

8.     Defendant is a Pennsylvania business entity with a regular place of business located at 35 Tariff Road, Pittston, PA 18640.

## FACTUAL BACKGROUND

9.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10.    Plaintiff is a black / African-American male.

11.    On or about January 1, 2011, Plaintiff began working for Defendant as a Truck Driver.

12.    At all relevant times herein, Plaintiff was a dedicated and hard-working employee for Defendant.

13.    At all times relevant herein, Plaintiff was the only black/African-American Truck Driver working at Defendant's Pittston location.

14.    Upon information and belief, Defendant's general practice is to assign employees with more seniority to shorter and/or more favorable driving routes.

15.    During his employment with Defendant, Plaintiff was subjected disparate treatment as compared to non-black/African-American employees with respect to route assignments. For instance, Plaintiff observed that less senior, Caucasian drivers (including those who were newly hired) were assigned to shorter and/or more favorable driving routes, whereas Plaintiff was regularly assigned to longer and/or less favorable routes.

16.    At times, Plaintiff was required to drive twenty-two (22) consecutive hours (which was significantly more than the legal limit as prescribed by the Pennsylvania Department of Transportation). Caucasian employees were not required to exceed the legally prescribed amount of hours.

17.    As a result of the disparate treatment described in Paragraph 15 and Paragraph 16, Plaintiff complained of race-based disparate treatment to Defendant's management, including Floyd Moyer ("Mr. Moyer") and Wayne (last name unknown). In response to his complaints of disparate treatment, Plaintiff was told that Defendant's owner, Mike Teals ("Mr. Teals") did not want black/African-American drivers handling local routes because "local customers preferred a Caucasian driver.

18.     Plaintiff was also subjected to disparate treatment insofar as he was threatened with termination when he requested a day off or to leave early, whereas Caucasian employees were granted time off requests liberally (including not being threatened with discipline for taking days off).

19.     Plaintiff also complained directly to Mr. Teals regarding race-based discrimination. Mr. Teals did not engage in any meaningful interactive process with respect to Plaintiff's complaint of race-based discrimination.

20.     In addition to the discrimination described above, Plaintiff was subjected to discriminatory and derogatory comments about his race, including but not limited to the following:

- Being called "a typical black man with a bunch of kids to take care of";
- Being told that he dressed in a "ghetto" manner (even though he was wearing Defendant's company-assigned uniform).

21.     When Plaintiff would complain to Defendant that such comments were unwelcome, he was told that he would "take the abuse" because he needed the job.

22.     On or about March 2, 2016, Plaintiff again complained to Mr. Moyer about the ongoing race-based discrimination. In response, Mr. Moyer became enraged, screamed at Plaintiff and told Plaintiff to "get [his] black ass out," effectively terminating Plaintiff's employment.

23.     After being told to "get [his] black ass out," Plaintiff attempted to retrieve his personal belongings from the truck. Mr. Moyer threatened to call the police if Plaintiff entered the truck.

24.     Plaintiff was terminated after being subjected to significant discrimination and disparate treatment based on his race.

25.     Plaintiff was subjected to ongoing antagonism after complaining of race-based discrimination and disparate treatment.

26.    Plaintiff was terminated from employment within a close temporal proximity of complaining of race-based discrimination and disparate treatment.

27.    Plaintiff believes, and therefore avers that he was terminated because of his race and/or because of his complaints of race-based discrimination and disparate treatment.

**Count I**
**Violations of the Title VII**
**(Discrimination, Hostile Work Environment and Retaliation)**

28.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

29.    Defendant is an employer as defined by the Title VII.

30.    Plaintiff was treated in a disparate manner in comparison to his non-black/African-American co-workers.

31.    Plaintiff was subjected to severe and pervasive race-based discriminatory comments.

32.    Plaintiff complained to Defendant's management about the race-based discrimination and disparate treatment.

33.    Plaintiff experienced hostility and antagonism following his complaints of race-based discrimination and disparate treatment.

34.    Plaintiff was terminated because of his race and/or because of his complaints race-based discrimination and disparate treatment.

35.    The above actions constitute violations of Title VII.

**Count II**
**Violations of 42 U.S.C. § 1981**
**(Discrimination, Hostile Work Environment and Retaliation)**

36.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

37. Plaintiff was treated in a disparate manner in comparison to his non-black/African-American co-workers.

38. Plaintiff was subjected to severe and pervasive race-based discriminatory comments.

39. Plaintiff complained to Defendant's management about the race-based discrimination and disparate treatment.

40. Plaintiff experienced hostility and antagonism following his complaints of race-based discrimination and disparate treatment.

41. Plaintiff was terminated because of his race and/or because of his complaints race-based discrimination and disparate treatment.

42. The above actions constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its

willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Colin P. Saltry, Esquire
**KRAEMER, MANES &**
**ASSOCIATES LLC**
PA ID: 323464
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 475 3544 - Direct
(215) 853 3655 - Fax
cs@lawkm.com

# **EXHIBIT A**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Willie Foxworth<br>41 West Torrance<br>Kingston, PA 18704 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Legal Unit | |
| 530-2016-03921 | Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.
District Director

4/12/17
*(Date Mailed)*

Enclosures(s)

cc:    **TEAL'S EXPRESS INC.**

       Jonathan W. Chase, Esquire (Counsel for Charging Party)

       Kseniya Premo, Esquire (Counsel for Respondent)

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice.  Therefore, you should keep a record of this date.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**KRAEMER, MANES & ASSOCIATES LLC**

**BUSINESS | EMPLOYMENT | LITIGATION**

| | |
|---|---|
| 1515 Market Street | COLIN P. SALTRY |
| Suite 1200 | ATTORNEY AT LAW |
| Philadelphia, PA 19102 | Direct: (215) 475-3544 |
| Office: (412) 626-5626 | Fax:    (215) 734-2466 |
| www.lawkm.com | cs@lawkm.com |

June 8, 2017

**Via U.S. Mail**
Clerk's Office
Max Rosen U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

    **Re:   Willie Foxworth v. Teal's Express, Inc.**

Dear Sir/Madam:

Enclosed please find the following with respect to the above matter:

- Original Copy of the Complaint;
- Civil Cover Sheet; and
- A check in the amount of $400 for the requisite filing fee.

Please contact me if you have any questions or concerns regarding the above.

Very Truly Yours,

Colin P. Saltry, Esq.
*Attorney for Plaintiff, Willie Foxworth*

Enclosures

```
Court Name: District Court
Division: 3
Receipt Number: 333055049
Cashier ID: epetrosk
Transaction Date: 06/15/2017
Payer Name: KRAEMER MANES AND ASSOCIATES
------------------------------------------
CIVIL FILING FEE
 For: KRAEMER MANES AND ASSOCIATES
 Case/Party: D-PAM-3-17-CV-001052-001
 Amount:        $400.00
------------------------------------------
Paper Check Conversion
 Check/Money Order Num: 2442
 Amt Tendered:  $400.00
------------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.
```

KRAEMER, MANES & ASSOCIATES LLC



1515 MARKET ST, SUITE 1200
PHILADELPHIA, PA 19102

SMS X-RAY

PHILADELPHIA
PA 191
08 JUN '17
PM 9 L

$0.88 0
US POSTAGE
FIRST-CLASS
062S0009296184
FROM 19102

RECEIVED
WILKES BARRE
JUN 1 2 2017

Clerk's Office
Max Rosen U.S Courthouse
197 S. Main Street
Wilkes-Barre, PA 18701

18701-155199